UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN VICTOR, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>SWEET CATCH BROOKLYN LLC d/b/a SWEET CATCH and SWEET CATCH BK, and KAWANA JEFFERSON,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jean Victor, by and through his attorneys, alleges upon personal knowledge as to himself and upon information and belief as to all other matters, as follows:

## 1. NATURE OF THE ACTION

1. This is an action to recover unpaid overtime wages and other wage-related relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law and supporting regulations ("NYLL").

2. Plaintiff seeks unpaid overtime wages, unpaid spread-of-hours compensation, statutory damages for wage-notice and wage-statement violations, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other appropriate relief.

## 2. JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's NYLL claims under 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants conducted business in this District and the events giving rise to these claims occurred in this District.

## 3. PARTIES

6. Plaintiff Jean Victor is an adult individual residing in Kings County, New York.

7. Defendant Sweet Catch Brooklyn LLC is a New York limited liability company that owned, operated, and controlled a restaurant business at 1222 Nostrand Avenue, Brooklyn, New York 11225, doing business as "Sweet Catch" and "Sweet Catch BK."

8. At all relevant times, Sweet Catch Brooklyn LLC was an employer within the meaning of the FLSA and the NYLL.

9. Defendant Kawana Jefferson was, upon information and belief, an owner, member, manager, principal, and person with operational control over Sweet Catch Brooklyn LLC and the Sweet Catch restaurant.

10. At all relevant times, Jefferson acted directly or indirectly in the interest of Sweet Catch Brooklyn LLC in relation to Plaintiff and was Plaintiff's employer within the meaning of the FLSA and the NYLL.

11. Public business and licensing materials identify Jefferson as a principal of the restaurant business and support her ownership interest and operational authority over the business.

## 4. COLLECTIVE AND CLASS ALLEGATIONS

12. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), individually and on behalf of other similarly situated non-exempt employees of Defendants.

13. The FLSA collective consists of all current and former non-exempt employees employed by Defendants at Sweet Catch during the three years preceding the filing of this action through final judgment who were not paid lawful overtime compensation.

14. Plaintiff also brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a class under the NYLL.

15. The NYLL class consists of all current and former non-exempt employees employed by Defendants in New York during the six years preceding the filing of this action through final judgment who were not paid lawful overtime compensation and/or spread-of-hours pay.

16. Upon information and belief, the members of the FLSA collective and NYLL class are so numerous that joinder of all such persons is impracticable.

17. Upon information and belief, Defendants operated a full-service restaurant with approximately 11 to 18 employees at the location during the relevant period and employed numerous non-exempt workers over time.

18. Common questions of law and fact predominate as to the FLSA collective and NYLL class, including whether Defendants maintained common pay practices that failed to pay lawful overtime and spread-of-hours compensation.

19. Plaintiff's claims are typical of the claims of the FLSA collective and NYLL class because they arise from the same pay practices and course of conduct.

20. Plaintiff will fairly and adequately protect the interests of the FLSA collective and NYLL class.

21. A collective action and class action are superior to numerous individual actions because the damages at issue for many workers are relatively modest compared to the burden and expense of separate litigation.

**5. <u>FLSA ENTERPRISE COVERAGE</u>**

22. At all relevant times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

23. Upon information and belief, Defendants had annual gross volume of sales made or business done in excess of $500,000.

24. Defendants employed workers who handled goods, food products, beverages, cleaning supplies, equipment, packaging, and other materials that moved in interstate commerce.

25. Defendants also used credit-card processing and other instrumentalities of interstate commerce in operating the restaurant.

**6. <u>FACTUAL ALLEGATIONS</u>**

26. Defendants owned, operated, managed, and controlled a restaurant business at 1222 Nostrand Avenue, Brooklyn, New York 11225.

27. Plaintiff worked for Defendants as a dishwasher and cleaner.

28. Plaintiff's duties included washing dishes, cleaning the restaurant, cleaning on Mondays, taking out garbage, and breaking down cardboard.

29. Plaintiff was hired on or about March 1, 2023.

30. Plaintiff worked for Defendants until approximately November 11, 2024, when Defendants terminated his employment.

31. Jefferson hired Plaintiff.

32. Jefferson supervised Plaintiff's work.

33. Jefferson controlled Plaintiff's schedule and working conditions.

34. Jefferson determined Plaintiff's rate and method of pay.

35. Jefferson paid Plaintiff's wages, including by Zelle and/or other direct electronic transfer.

36. Jefferson maintained, controlled, or had authority over payroll and employment records, if any.

37. Jefferson had the power to fire Plaintiff and in fact fired Plaintiff.

38. Plaintiff was paid weekly, typically on Thursdays.

39. Plaintiff was paid at a regular hourly rate of approximately $16.00 per hour.

40. Defendants paid Plaintiff straight time for all hours worked, including hours worked over forty in a workweek.

41. From approximately March 1, 2023 through approximately May 31, 2023, Plaintiff typically worked approximately 2:00 p.m. to 2:00 a.m. approximately six days per week, or about 72 hours per week.

42. From approximately June 1, 2023 through approximately November 11, 2024, Plaintiff typically worked approximately 5:00 p.m. to 3:00 a.m. approximately six days per week, or about 60 hours per week.

43. During both periods, Plaintiff regularly worked more than forty hours in a workweek.

44. During both periods, Plaintiff regularly worked shifts with a spread of hours exceeding ten hours.

45. Defendants did not pay Plaintiff at one and one-half times his regular rate for hours worked over forty in a workweek.

46. Defendants did not pay Plaintiff spread-of-hours compensation for days on which the spread between the beginning and end of the workday exceeded ten hours.

47. Plaintiff was a non-tipped, non-exempt hospitality worker.

48. Defendants' failure to pay lawful overtime and spread-of-hours compensation was willful.

49. Defendants knew or should have known Plaintiff was working the hours alleged herein because Jefferson supervised Plaintiff, set his schedule, paid him directly, and knew the number of hours he worked.

## 7. WAGE NOTICE AND WAGE STATEMENT FACTS

50. Defendants did not provide Plaintiff, at hiring or within ten business days thereafter, a compliant written wage notice accurately stating his regular rate of pay, overtime rate of pay, basis of pay, allowances, payday, and employer identifying information.

51. Defendants did not furnish Plaintiff with accurate wage statements with each payment of wages.

52. Plaintiff was paid by Zelle and/or direct electronic transfer without accurate contemporaneous written payroll information identifying, among other things, the dates covered by the payment, hours worked, regular rate, overtime rate, overtime hours, gross wages, net wages, and employer identifying information.

53. Because Defendants did not provide compliant wage notices and wage statements, Plaintiff could not meaningfully compare, week by week, the hours he worked against the wages he was paid.

54. Had Defendants provided accurate wage notices and wage statements, Plaintiff would have been able to see while still employed that Defendants were paying him straight time rather than the legally required overtime premium and were not paying spread-of-hours compensation.

55. Defendants' failure to provide accurate notices and statements therefore concealed the manner in which they were calculating Plaintiff's pay and delayed Plaintiff's detection of the underpayments.

56. Defendants' failure to provide accurate notices and statements also delayed Plaintiff's ability to seek correction of the underpayments while still employed and delayed his recovery of the full wages owed.

57. Because lawful written payroll information was not provided to him with his pay, Plaintiff was later forced to reconstruct his hours and underpayments from memory and incomplete payment records.

58. Plaintiff's injuries from Defendants' wage-notice and wage-statement violations were concrete, particularized, and directly connected to the delayed detection and delayed recovery of wage underpayments.

## 8. CAUSES OF ACTION

### 8.1. FLSA OVERTIME

59. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

60. The FLSA requires employers to pay non-exempt employees overtime compensation at one and one-half times their regular rate of pay for hours worked over forty in a workweek.

61. Plaintiff and the FLSA collective were non-exempt employees.

62. Defendants suffered or permitted Plaintiff and the FLSA collective to work more than forty hours in one or more workweeks.

63. Defendants failed to pay Plaintiff and the FLSA collective overtime compensation at one and one-half times their regular rate for hours worked over forty in a workweek.

64. Defendants' violations of the FLSA were willful.

### 8.2. NYLL OVERTIME

65. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

66. The NYLL and applicable wage orders required Defendants to pay Plaintiff and the NYLL class overtime compensation at one and one-half times their regular rate for hours worked over forty in a workweek.

67. Defendants failed to do so.

68. Defendants' violations of the NYLL were willful.

**8.3. NYLL SPREAD OF HOURS**

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

70. Under the NYLL and the Hospitality Industry Wage Order, Defendants were required to pay Plaintiff and the NYLL class an additional hour of pay at the applicable minimum hourly rate for each day on which the spread of hours exceeded ten.

71. Plaintiff and the NYLL class regularly worked days with a spread of hours exceeding ten.

72. Defendants failed to pay the required spread-of-hours compensation.

**8.4. NYLL WAGE NOTICE**

73. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

74. The NYLL required Defendants to provide Plaintiff a compliant wage notice at the time of hiring and within ten business days of his first day of work.

75. Defendants failed to do so.

76. Plaintiff suffered a concrete injury from that failure, including delayed detection and delayed recovery of wage underpayments, as alleged above.

77. Plaintiff is entitled to statutory damages, attorneys' fees, and costs as provided by law.

**8.5. NYLL WAGE STATEMENT**

78. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

79. The NYLL required Defendants to provide Plaintiff with accurate wage statements with each payment of wages.

80. Defendants failed to do so.

81. Plaintiff suffered a concrete injury from that failure, including delayed detection and delayed recovery of wage underpayments, as alleged above.

82. Plaintiff is entitled to statutory damages, attorneys' fees, and costs as provided by law.

## 9. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the FLSA collective and NYLL class, and against Defendants, as follows:

A. Certifying this action as an FLSA collective action and authorizing notice to the FLSA collective;

B. Certifying this action as a class action under Rule 23 for the NYLL overtime and spread-of-hours claims;

C. Awarding unpaid overtime wages under the FLSA and NYLL;

D. Awarding unpaid spread-of-hours compensation under the NYLL;

E. Awarding statutory damages for NYLL wage-notice and wage-statement violations;

F. Awarding liquidated damages to the maximum extent permitted by law;

G. Awarding prejudgment interest on NYLL damages;

H. Awarding attorneys' fees and costs;

I. Awarding post-judgment interest; and

83. Granting such other and further relief as the Court deems just and proper.

## 10. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 25, 2026
Astoria, New York

Respectfully submitted,

*/s/ Clifford Tucker*

Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
Phone: 718-269-2243
CTucker@SaccoFillas.com

## <u>CONSENT TO JOIN ACTION</u>

## <u>REQUEST TO BECOME A PARTY-PLAINTIFF</u>

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: Jean Victor

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Jean Victor (Jan 20, 2025 11:17 EST) Date: **<u>January 20, 2025</u>**